(103 So. 336)

No. 27072.

### STATE v. ARDOIN.

(March 2, 1925.)

*(Syllabus by Editorial Staff.)*

Jury ⚖59(½)—Meeting of jury commissioners in room above clerk's office held not violation of statute.

Where clerk's office proper was being otherwise used, meeting of jury commissioners in room above, by permission of judge, *held* not violation of Act No. 135 of 1898, §§ 4, 6, providing that jury commission shall meet in the office of clerk of district court; room where proceedings were had being deemed temporarily one of rooms of clerk's office.

Appeal from Thirteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Moise Ardoin was convicted of stealing a cow, and he appeals. Affirmed.

A. H. Garland, of Ville Platte, for appellant.

Percy Saint, Atty. Gen., R. Lee Garland, Dist. Atty., of Opelousas, Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

O'NIELL, C. J. Appellant was convicted of the crime of stealing a cow, and was sentenced to imprisonment in the penitentiary. His only complaint is that the proceedings of the jury commission, in supplementing the venire list and the names in the general venire box, were held in a room other than the clerk's office. The room was immediately above the clerk's office, on the next floor above. The door was open during most of the time and the room was accessible to the public during all of the time. The members of the commission met in the clerk's office at the hour appointed for their meeting, and repaired to the other room because the clerk's office was occupied by men who were preparing ballot boxes for an election that was about to be held. Before going to the other room, the jury commission obtained the permission of the district judge. It is quite certain that any one desiring to attend the session of the commission, and going to the clerk's office for that purpose, would have been informed of the place where the session was being held; and the evidence taken on the trial of the motion to quash the venire shows that the proceedings were conducted without any wrongdoing or irregularity. Considering the permission which was given by the district judge, and the proximity of the room where the proceedings were had to the two other rooms which composed the clerk's office proper, the room where the proceedings were had was temporarily one of the rooms of the clerk's office; for he is ex officio a member of the jury commission and conducts its proceedings. For these reasons, we affirm the ruling of the district judge that there was no violation of the requirement of the Act 135 of 1898 (sections 4 and 6) that the jury commission "shall meet at the office of the clerk of the district court," etc.

The verdict and sentence are affirmed.